UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                                    Case Number 24-20520
v.                                                               Honorable David M. Lawson

USMAN AHMAD,

                    Defendant.

_____/

### OPINION AND ORDER DENYING MOTION FOR DISCLOSURE OF CERTAIN GRAND JURY MATERIALS

A federal grand jury charged defendant Usman Ahmad, a licensed pharmacist, with participating in a scheme to distribute controlled substances by procuring and filling prescriptions that were issued for no valid medical purpose.  He has filed a motion seeking production of certain materials relating to the grand jury, which he characterizes as "ministerial."  He says that he needs this material to determine if any motions should be filed to dismiss the indictment on grounds of procedural irregularities.  The government opposes the motion, contending that the materials the defendant seeks are subject to the grand jury secrecy provisions of Federal Rule of Criminal Procedure 6(e).  One category of information the defendant wants is the dates when the grand jury was empaneled and discharged.  The Court ordered the government to file a supplemental brief citing relevant authority on whether that information is a matter of public record, and if not what the source of such information would be.  The government filed its supplemental brief, an entirely unhelpful document.  Nevertheless, the Court's research indicates that the materials that the defendant seeks are not subject to disclosure.  Therefore, the motion will be denied.

I.

The defendant asks the Court to disclose (1) the dates when the grand jury that issued a second superseding indictment charging him was empaneled, when the grand jury was discharged, and any court orders extending the term of the grand jury, (2) information indicating whether the grand jury consisted of between 16 and 23 members, and whether each session was attended by at least 16 members of the panel, and (3) information confirming that at least 12 grand jurors were present and voted to issue the second superseding indictment charging him.

The government responds that (1) Rule 6(e) codifies the long held principle that grand jury proceedings are maintained under strict secrecy, subject only to narrow exceptions, (2) a defendant seeking disclosure under any of the listed exceptions must demonstrate a "particularized need" for the information sought, supported by details about the alleged impropriety, (3) it is well settled that Criminal Rule 6 does not authorize a "fishing license" for defendants to seek broad disclosures of grand jury information based merely on speculation that some impropriety may be discovered thereby, and (4) the defendant has not made any showing that any such particularized need exists in this case, and he has not pointed to any evidence of any suspected impropriety in the grand jury proceedings that resulted in the issuance of the second superseding indictment.

In its supplemental brief, the government says that it called the jury department in this district to ask if the dates of grand jury empanelment and discharge were public records and was told that they were not.  The government did not cite any actual authority for that assertion, however.

II.

"It has long been recognized that grand juries require a generous zone of secrecy in order to perform their investigative functions."  *United States v. Rutherford*, 509 F.3d 791, 795 (6th Cir.

2007) (citing *In re Grand Jury Subpoenas*, 454 F.3d 511, 522 (6th Cir. 2006)).  "The federal system and most states have adopted statutes or court rules that impose sharp restrictions on the extent to which matters occurring before a grand jury may be divulged to outside persons." *Trump v. Vance*, 591 U.S. 786, 804 (2020) (cleaned up).  The Supreme Court "consistently [has] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings," reasoning that if "preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony," and "witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution." *Rehberg v. Paulk*, 566 U.S. 356, 374 (2012).

The presumption of grand jury secrecy is codified in Federal Rule of Criminal Procedure 6(e), which "creates an obligation of secrecy that prevents certain persons from disclosing 'a matter occurring before the grand jury.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 845 (6th Cir. 2011) (quoting Fed. R. Crim. P. 6(e)(2)(B)).  "Defendants are not ordinarily entitled to grand jury transcripts because grand jury proceedings are generally kept secret," but "federal law [] provides defendants access to the transcripts when a defendant shows a 'particularized need' for them." *Wilson v. Sheldon*, 874 F.3d 470, 477 (6th Cir. 2017).

The law on this point is well settled.  "Only upon a showing of a 'particularized need' by a defendant, may a trial court intrude upon the secrecy of the grand jury proceedings and permit inspection of its minutes." *United States v. Levinson*, 405 F.2d 971, 981 (6th Cir. 1968) (citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395 (1959)).

On his request for grand jury voting records, attendance, and member constitution, the defendant advances nothing more than speculation that scrutiny of grand jury empanelment and

voting records would supply him with some (unknown, unidentified) grounds for moving to dismiss the indictment.  Similar requests for grand jury disclosures have been denied by district courts in this circuit on the ground that a defendant who fails to demonstrate a "particularized need" for such materials is not entitled to access grand jury records including those relating to attendance and voting.  *E.g.*, *United States v. Dye*, No. 10-221, 2026 WL 248304, at *1 (N.D. Ohio Jan. 30, 2026) ("Here, Dye has demonstrated no such need. His brief one-paragraph letter includes no explanation as to why he is seeking disclosure of the grand jury's voting ballot. Courts routinely deny a defendant's motion seeking the disclosure of grand jury ballots or concurrence forms when they fail to demonstrate a particularized need that would warrant disclosure.") (collecting cases) (denying request for disclosure of grand jury ballots).

Defendant principally cites *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778 (9th Cir. 1982), for the proposition that a showing of "particularized need" is not required for production of records concerning "ministerial matters" such as dates of empanelment and attendance.  However, in that decision the Ninth Circuit reversed on the sole ground that the district court erroneously found that movants did not have "standing" to seek grand jury disclosures when they had not been indicted.  *Id.* at 784.  In fact, the court of appeals explicitly contemplated that the request — upon further consideration by the district court after remand — could be denied on the ground that the information sought fell within the veil of secrecy imposed by Federal Rule of Criminal Procedure 6(e).  *Id.* at 782 ("Item 3 of appellants' request is for 'roll sheets reflecting composition of the Special Grand Jury, attendance records of the Jurors, and any substitutions.' It would be reasonable to hold that this element of the request runs afoul of the doctrine of grand jury secrecy, in spite of the fact that it seems not to fall within the scope of the Rule 6(e) language."); *see also ibid.* n.4 (disclaiming any holding on the question).  The reasoning of the

decision principally cited by defendant does not support the defendant's argument and in fact weighs against his position that disclosure of "merely ministerial" information does not need to be justified by a showing of "particularized need." The defendant has not cited any controlling cases directly on point, and the Ninth Circuit decision that he prominently cites is inapposite and does not persuade in his favor.

The defendant also seeks disclosure of the dates of empanelment and discharge of the grand jury that issued the indictment. However, the sole ground for seeking that information stated in the motion for disclosure is purported concern about whether the grand jury exceeded its authorized term. The only factual basis recited in support of that argument is the defendant's observation that he was charged in a second superseding indictment issued nine months after the original indictment charging other defendants was returned.

The government contends that those dates are not public and are subject to Rule 6(e)'s secrecy provisions because the jury clerk says so. There are other, more sound, reasons, however. First, federal courts have held that disclosure of dates of particular grand jury proceedings falls within the proscriptions of Rule 6(e) because records showing when the grand jury met and for how long could reveal contextual information about the scope of its investigation, implicating "matters occurring before the grand jury." *Murphy v. Exec. Off. for U.S. Att'ys*, 789 F.3d 204, 210-11 (D.C. Cir. 2015) ("Disclosing the days and times a grand jury met to consider evidence and hear testimony would also reveal the content of grand jury deliberations by disclosing how long a particular 'matter occurr[ed] before the grand jury,' Fed. R. Crim. P. 6(e), how much or how little evidence was weighed and which witnesses most occupied the grand jury's time. That information could shed light on the nature of the grand jury's investigative and deliberative processes. Because disclosing the day-and-time information Murphy sought would tend to reveal

the complexity and 'scope, focus and direction of the grand jury investigations,' that information is protected from disclosure by Rule 6(e) even if no disclosure of witness identity or risk of retaliation exists."). Thus, along with other "ministerial" details, dates of convening and discharge are not *per se* exempted from the protections of Rule 6(e). The government represented in its supplemental brief that such dates are not otherwise publicly disclosed, based on inquiry with the Court's Jury Department.

Second, defendant points only to a nine-month gap between return of the first and second indictments as a ground for his concern about whether the grand jury's term improperly was extended. That does not supply sufficiently particular grounds for disclosure of the dates of empanelment and discharge because there is nothing remarkable about a nine-month period of grand jury activity, where federal grand juries routinely serve for 18-month terms. *United States v. Wright*, 234 F. Supp. 3d 45, 48 (D.D.C. 2017) ("The Court agrees with the Government, which notes that grand juries generally serve eighteen-month terms. *See* Fed. R. Crim. Pro. 6(g) ('A grand jury must serve until the court discharges it, but it may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service.'). The grand jury here was sworn in after being empaneled in May of 2015. Eighteen months after May 2015 runs until November of 2016. It thus is completely logical that the same grand jury that was sworn in during May of 2015 could issue indictments in April of 2016 (when the first indictment in this case was issued), and in July of 2016 (when the superseding indictment in this case was issued). The conclusion is obvious that the date it was sworn in is not a flaw that shows a particularized need for disclosures about the grand jury process or justifies dismissing the indictment."). Therefore, defendant has not put forth facts establishing a sufficiently particularized need for further inquiry into the duration of the grand jury's term.

III.

The defendant has not made a sufficient effort to demonstrate any "particularized need" for disclosure of any of the materials in question, and he has not cited any controlling legal authority holding that no such showing is required for disclosure of the specific materials that he seeks.  The recently available decisions on point tend to favor the opposite view.

Accordingly, the motion for production of certain materials relating to the grand jury (ECF No. 305) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 28, 2026